UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.    CASE NO. 8:20-cr-225-TPB-CPT

TERRANCE LEE HESTER JR.

**NOTICE OF MAXIMUM PENALTIES, ELEMENTS OF OFFENSE, PERSONALIZATION OF ELEMENTS AND FACTUAL BASIS**

The United States of America, by Karin Hoppmann, Acting United States Attorney for the Middle District of Florida, hereby files this Notice of Maximum Penalties, Elements of Offense, Personalization of Elements and Factual Basis, stating as follows:

ESSENTIAL ELEMENTS

The essential elements of a violation of 18 U.S.C. § 844(i), damaging or destroying by fire a building used in interstate commerce, are as follows:

First:  the defendant damaged, destroyed, or attempted to damage or destroy the building or personal property described in the indictment by means of a fire;

Second:  the defendant acted intentionally or with deliberate disregard of the likelihood that damage or injury would result from his acts; and

Third:  the building that the defendant damaged, destroyed, or attempted to damage or destroy was used in interstate or foreign commerce or an activity affecting foreign or interstate commerce.

## PENALTY

The penalty for the offense charged in Count One of the Indictment is a term of imprisonment for not less than five years and not more than 20 years, a fine up to $250,000, supervised release up to three years, and a special assessment of $100.

Under *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the defendant is subject to a mandatory minimum sentence of five years' imprisonment and a maximum sentence of 20 years' imprisonment as to Count One because the following facts have been admitted by the defendant and are established by this plea of guilty: the defendant maliciously damaged or destroyed, or attempted to damage or destroy, by means of fire, a building used in interstate or foreign commerce.

In addition, the defendant will be required to forfeit any assets subject to forfeiture as set forth in the indictment.

## FACTUAL BASIS

On or about May 31, 2020, Tampa Fire Rescue (TFR) received reports of a structure fire at a sporting goods store ("Business 1"), located at 2381 East Fowler Avenue, Tampa, within the Middle District of Florida. Business 1 operated in a building that is a multi-unit shopping plaza, located at 2301 E. Fowler Avenue, Tampa, Florida.

TFR units responded and found Business 1 fully engulfed in fire.

The fire occurred during a period of looting and destruction to property and businesses in the vicinity of Business 1. The subsequent investigation determined that dozens of people illegally entered multiple stores in the shopping plaza, including Business 1. A back door to Business 1, on the east side of the building, was a point of entry for looters. Business 1 and palm trees on the east side of Business 1 were set on fire. The fire at Business 1 engulfed the roof and destroyed part of the building.

Investigators reviewed various video recordings of events, obtained from surveillance cameras and online social media platforms. In addition to showing the looting and destruction of property, a video showed an individual, later identified as the defendant, Terrance Lee Hester Jr. ("Hester"), throwing a flaming object—white cloth material—into Business 1 through a broken window on the side of the building. Video evidence also shows that approximately 20 minutes later, an individual who appears to be Hester carried a burning palm frond from the palm trees toward the open back door on the east side of Business 1.

A TPD certified fire investigator completed an origin and cause investigation and found that the fire originated at the unit occupied by Victim Business 1—the end unit on the northeast side of the building. The adjacent businesses in the building also suffered damage from the fire, but the most heavily damaged unit of the shopping plaza was Business 1. Video evidence shows the fire originated at Business 1, and the nearby tree fires were ignited separately and did not spread from the palm trees to the building without human intervention. The TPD fire investigator concluded that the fire originated on the interior of the building, it was intentionally

ignited—most likely in multiple areas of the interior—and it was an act of arson. The fire investigator determined that Hester's intentional act of throwing a flaming piece of cloth into a broken window of Business 1 caused or contributed to the cause of the fire. An ATF certified fire investigator reviewed and concurred with the findings of the TPD fire investigation.

The fire originating at Business 1 caused major damage to the building. An estimated value of loss to the building, Victim Business 1 and other businesses in the building is approximately $1,250,000.00.

A district manager of the company that oversees Business 1 confirmed that Business 1 sells a variety of products obtained and manufactured outside of the state of Florida. Therefore, the building containing Business 1 was used in interstate or foreign commerce or in an activity affecting interstate or foreign commerce.

Investigators reviewed videos and compared images to known photos of Hester. Hester matched the age, race, hair, facial features and body type of the individual who threw a flaming piece of cloth into Business 1. Investigators also obtained surveillance video from another location that showed Hester looting at another business in Tampa ("Business 2") approximately one hour after Business 1 was set on fire. An individual with Hester at that location was wearing a sleeveless jersey with the name of a high school on the front, the name of a relative of Hester on the back, and the number "6." The investigation revealed that a relative of Hester previously played volleyball at the high school and wore number 6.

Individuals who know Hester reviewed images of the person who threw the flaming cloth into Business 1, and the same person who looted Business 2 approximately one hour later. Those individuals identified Hester as the perpetrator.

After Hester was arrested and provided *Miranda* warnings, Hester admitted that he was the person in the video who threw the flaming cloth into Business 1.

The above is merely a brief summary of the events, some of the persons involved, and other information relating to this case, and does not include, nor is it intended to include, all of the events, persons involved, or other information related to this case.

       Respectfully submitted,

       KARIN HOPPMANN
       Acting United States Attorney

By:   */s/ Michael C. Sinacore*
       Michael C. Sinacore
       Assistant United States Attorney
       Florida Bar No. 868523
       400 N. Tampa Street, Suite 3200
       Tampa, Florida 33602-4798
       Telephone: (813) 274-6000
       Facsimile: (813) 274-6358
       E-mail: michael.sinacore@usdoj.gov

U.S. v. Terrance Lee Hester Jr.        Case No. 8:20-cr-225-TPB-CPT

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Howard Anderson
Counsel for Terrance Lee Hester Jr.

                                             */s/ Michael C. Sinacore*
                                             Michael C. Sinacore
                                             Assistant United States Attorney
                                             Florida Bar No. 868523
                                             400 N. Tampa Street, Suite 3200
                                             Tampa, Florida 33602-4798
                                             Telephone:   (813) 274-6000
                                             Facsimile:    (813) 274-6358
                                             E-mail: michael.sinacore@usdoj.gov